**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

TREY LENTZ,

           Plaintiff,

           v.

RYAN DILL, *et al.*,

           Defendants.

Civil Action No. 23-22490 (MAS) (DEA)

**OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Plaintiff Trey Lentz's civil complaint (ECF No. 1) and application to proceed *in forma pauperis*. (ECF No. 1-2.) Having reviewed the application, this Court finds that *in forma pauperis* status is warranted in this matter, and Plaintiff's application is therefore granted. Because the application shall be granted, this Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice in its entirety for failure to state a claim upon which relief may be granted.

## I.    BACKGROUND

    Plaintiff is a convicted state prisoner currently confined in the Monmouth County jail. (ECF No. 1 at 1-2.) In his complaint, Plaintiff alleges that in September 2023, he was transported to a constant watch cell. (*Id.* at 3.) According to Plaintiff, the named Defendants were responsible for packing and taking care of his belongings during this transfer, but they "negligently" lost or

discarded most of his belongings. (*Id.*) When Plaintiff complained about the loss of his property, jail guards "laugh[ed] it off." (*Id.*) Plaintiff also alleges that he was deprived of a lunch meal on one occasion. (*Id.*)

## II.   <u>LEGAL STANDARD</u>

Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.   **DISCUSSION**

In his complaint, Plaintiff alleges that he was improperly deprived of his personal property by jail guards who failed to follow jail procedure and properly pack up and care for his belongings. A plaintiff seeking to raise a deprivation of property claim under the Due Process clause must generally plead facts indicating that he had a property interest, of which he was deprived by state action, and for which he did not receive notice and an opportunity to be heard. *See, e.g., Rusnak v. Williams*, 44 F. App'x 555, 558 (3d Cir. 2002). "Where a state actor deprives an individual of property without authorization, [however,] either intentionally or negligently, that deprivation does not result in a violation of the Fourteenth Amendment so long as a meaningful post deprivation remedy for the loss is available. *See Hudson v. Palmer*, [468 U.S. 517, 530-36] (1984); *Parratt v. Taylor*, [451 U.S. 527, 543-44] (1981), *overruled in part on other grounds, Daniels v. Williams*, [474 U.S. 327] (1986)." *Love v. N.J. Dep't of Corr.*, No. 14-5629, 2015 WL 2226015, at *5 (D.N.J. May 12, 2015). The State of New Jersey has provided meaningful post-deprivation remedies in the form of both the New Jersey Tort Claims Act. *See* N.J. Stat. Ann. § 59:1-1, *et seq.*; *Love*, 2015 WL 2226015, at *5; *see also Pressley v. Huber*, 562 F. App'x 67, 70 (3d Cir. 2014) (state tort claim act and facility grievance system provide a sufficient post-deprivation remedy). Because Plaintiff had adequate post-deprivation remedies available to him in the form

of the New Jersey Tort Claims Act, he cannot state a plausible claim for relief for a deprivation of property under the Due Process clause.   Plaintiff's deprivation of property claim is therefore dismissed without prejudice.

In his final claim, Plaintiff alleges that he was denied a lunch on October 5, 2023.   Plaintiff does not allege he was denied any other meals.   Although prisoners have a constitutional right to nutritionally adequate food, only a "substantial deprivation of food" will be sufficient to support a claim for relief in a federal civil rights action.   *See Duran v. Merline*, 923 F. Supp. 2d 702, 720 (D.N.J. 2013).   A single instance of a missed meal or the serving of a deficient meal is patently insufficient to state a claim for relief.   *Id.* at 720-21.   As Plaintiff alleges only a single instance of a missed meal, his food related claim fails to state a plausible claim for relief and must be dismissed as such.[1]   As all of Plaintiff's claims fail to state a claim upon which relief may be granted, his complaint shall be dismissed without prejudice in its entirety.

---

[1] Plaintiff states that he believes this missed meal was intended as a "punishment" but does not connect it to any specific behavior on his behalf.   It is possible Plaintiff intended to raise this as a claim for retaliation in violation of the First Amendment. Such a claim, however, requires a civil rights plaintiff to plead: (1) facts indicating that he engaged in constitutionally protected activity; (2) retaliatory action sufficient to deter a person of ordinary firmness from engaging in further protected conduct; and (3) a causal link between the protected conduct and the retaliatory act. *Thomas v. Independence Township*, 463 F.3d 285, 296 (3d Cir. 2006).   Plaintiff does not plead any facts regarding any protected conduct, nor does he attempt to create any causal link between the missed meal and activity on his part, and thus he fails to state a claim for retaliation even if he had intended to raise one.

IV.    **CONCLUSION**

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-2) is **GRANTED**; and Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** in its entirety.  An order consistent with this Opinion will be entered.


_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**